
# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 5184 | DATE | 8/8/2012 |
| CASE TITLE | Emmanuel N. Davies vs. Proviso Township District 209 | | |

### DOCKET ENTRY TEXT

Motion to Dismiss [51] is granted in part and denied in part. Plaintiff Emmanuel N. Davies's claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act and the Rehabilitation Act are dismissed as untimely. Plaintiff's claim under 42 U.S.C. § 1983 is also dismissed as time-barred.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

On May 11, 2012, the Court held a hearing on Defendants Proviso Township District 209 ("Proviso") and Alexis Wallce's motion to dismiss Plaintiff Emmanuel N. Davies's ("Plaintiff") Amended Complaint, alleging employment discrimination, harassment, and retaliation. Plaintiff, however, failed to appear. The motion was granted in part, as to Alexis Wallace. The Court set a briefing schedule on the remainder of the motion, ordering Plaintiff's response due on or before May 25, 2012, with Defendant's reply due on or before June 1, 2012. The Court notes that Plaintiff's response is untimely, and that Defendant did not file a reply. Nevertheless, the Court considers Plaintiff's response. Before the Court is the remainder of Proviso's motion to dismiss. For the following reasons, the motion is granted in part and denied in part.

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, the complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court construes Plaintiff's pro se pleadings liberally, see Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008), accepts as true all well-pleaded facts in the Amended Complaint, and draws all reasonable inferences in his favor, Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc., 657 F.3d 496, 502 (7th Cir. 2011) (citation omitted). "[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." Indep. Trust Corp., 665 F.3d at 935 (citing Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009)).

Proviso argues that Plaintiff's claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA") and Rehabilitation Act are untimely as they were filed more than 90 days after Plaintiff's receipt of the right-to-sue-letter from the Equal Employment Opportunity Commission (EEOC). See 42 U.S.C. § 2000e-5(f)(1); id. § 12117(a); 29 C.F.R. § 1614.407(c); Houston v. Sidley & Austin, 185 F.3d 837, 838-39 (7th Cir. 1999). The issue here is when the 90-day time limit began to run. In ruling on this issue, the Court considers the April 27, 2011 EEOC letter and right-to-sue letter (attached as an exhibit to Defendants' motion) as matters of public record. See Pierce v. Ill. Dep't of Human Servs., 128 F. App'x 534, 535-36 & 536

n.1 (7th Cir. 2005).

"In most situations, the statutory 90-day filing period commences when the plaintiff receives actual notice of h[is] right to sue." Bobbitt v. Freeman Cos., 268 F.3d 535, 538 (7th Cir. 2001) (citing Houston, 185 F.3d at 839). The "actual notice" rule, however, does not apply when "the claimant does not receive the notice in a timely fashion due to h[is] own fault." Id. Indeed, the "actual notice" rule does not apply, where, as here, a plaintiff fails to pick up his letter "within the time that the Post Office's notice gives h[im] before it will be returned to the sender." Id. Here, the EEOC sent Plaintiff his right-to-sue-letter on February 22, 2011 via certified mail. "[T]he receipt date is presumed to be five days from the mailing date." Loyd v. Sullivan, 882 F.2d 218, 218 (7th Cir. 1989) (per curiam). However, because the letter was unclaimed for nearly two months, it was returned to the EEOC. The returned letter was received by the EEOC on April 25, 2011. The EEOC resent the letter via regular mail on April 27, 2011, but Plaintiff did not pick it up until May 13, 2011. Plaintiff concedes that he does not check his post office box regularly.

Contrary to Plaintiff's assertion that the 90-day filing period commenced on May 13, 2011, the Court finds that the "actual notice" rule does not apply. The Court rejects Plaintiff's suggestion that a general difficulty in collecting mail at a post office box, as opposed to a residence, constitutes a "fortuitous circumstance" or event beyond his control. Absent any other mitigating factor, Plaintiff's inaction constitutes fault. See Simmons v. Ill. Dep't of Mental Health & Developmental Disabilities, 74 F.3d 1242 (7th Cir. 1996) (unpublished table decision) (holding that the plaintiff's failure to check her post office box or respond to the notices placed in her box constitutes fault). Further, no good faith error or extraordinary circumstances warrant equitable tolling in this case. Even assuming a date most favorable to Plaintiff under the fault approach—the final date Plaintiff could have picked up the letter before it was returned to the EEOC, see Saunders v. Am. Warehousing Servs., Inc., No. 02 C 7650, 2003 WL 21266652, at *2 (N.D. Ill. May 30, 2003)—Plaintiff's complaint is untimely. Because Plaintiff's complaint was filed more than 90 days after he should have received actual notice of his right to sue, his claims under Title VII, the ADA, and the Rehabilitation Act are dismissed.

Proviso also argues that, to the extent that Plaintiff alleges a claim under § 1983, such a claim is barred by the statute of limitations. In Illinois, the statute of limitations for a § 1983 claim is two years. Jenkins v. Vill. of Maywood, 506 F.3d 622, 623 (7th Cir. 2007). Claims under § 1983 accrue when the plaintiff knows or should have known that his constitutional rights have been violated. Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004) (citation omitted). Accepting as true that Plaintiff suffered civil rights violations, he knew or should have known that he had been injured no later than June 19, 2008, the date of his termination. Plaintiff initiated this action on July 29, 2011. Any claim under § 1983 is therefore time-barred and is dismissed.

Finally, Proviso argues that Plaintiff's § 1981 claims are legally insufficient under Twombly. To state a claim under § 1981, a plaintiff must allege discrimination based on race. Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982). Plaintiff, a black male from Liberia, alleges that a group of white teachers constantly harassed him but, despite his complaints to the Special Education Department's chair, nothing was done. He also alleges that a student assaulted him and, on a separate occasion, assaulted a white teacher. He claims that the student was disciplined only for assaulting the white teacher. Taking these allegations as true and drawing all reasonable inferences in his favor, it is plausible that Plaintiff's termination was motivated by racial animus.

To the extent Plaintiff asserts a claim for retaliation under § 1981, "unlawful retaliation occurs when an employer takes an adverse employment action against an employee for opposing impermissible discrimination." Smith v. Bray, 681 F.3d 888, 896 (7th Cir. 2012) (internal quotation marks and citation omitted). Plaintiff's allegations are sufficient to survive dismissal at this stage in the litigation. Although Plaintiff also alleges that he was retaliated against for refusing to pass a failing student, to survive a motion to dismiss, Plaintiff need not allege that race was the exclusive reason for his employer's action. See Tamayo v. Blagojevich, 526 F.3d 1074, 1086 (7th Cir. 2008). Accordingly, Defendant's motion to dismiss Plaintiff's § 1981 claims is denied.

IT IS SO ORDERED.